IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE MELVIN ROMERO CASTRO,

     Petitioner,

v.                                                                                    No. 2:26-cv-01597-KG-JMR

MARKWAYNE MULLIN, et al.,

     Respondents.

**<u>MEMORANDUM OPINION AND ORDER</u>**

This matter is before the Court on Jose Melvin Romero Castro's Petition for a Writ of Habeas Corpus, Doc. 1, and the Government's Response, Doc. 8. Because Petitioner presents a purely legal question, the Court declines to hold a hearing, *see* 28 U.S.C. § 2243, and grants his petition for the reasons below.

## I.    *Background*

Petitioner, a 25-year-old native and citizen of El Salvador, entered the United States as an unaccompanied minor in 2016. Doc. 1 at 2. The Department of Homeland Security ("DHS") placed him in full removal proceedings. *Id.* He has since applied for asylum, withholding of removal, and protection under the Convention Against Torture—those applications remain pending. *Id.*

On December 20, 2023, local law enforcement apprehended him for allegations of human smuggling and transferred him to DHS custody. Doc. 8 at 1. Petitioner was released from immigration custody shortly thereafter. Doc. 1 at 5. The criminal charges were ultimately dismissed. *Id.*

Nonetheless, DHS redetained Petitioner on October 30, 2025. *Id.* He is now in custody at the Otero County Processing Center in New Mexico. *Id.* He has applied for a custody

1

determination hearing—an immigration judge denied his request on jurisdictional grounds, under *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025).  Doc. 8 at 2.  An immigration judge ordered him removed on March 16, 2026, and his appeal of that decision remains pending.  *Id.*

Petitioner argues that his continued detention without a bond hearing violates his right to due process under the Fifth Amendment, and the Immigration and Nationality Act ("INA").  *See* Doc. 1 at 14, 16.  He also argues that the Government has violated the Administrative Procedure Act ("APA") and the Equal Protection Clause of the Fifth Amendment.  *Id.* at 18–20.  He requests immediate release or, in the alternative, a prompt individualized bond hearing before an immigration judge.  *Id.* at 26.  The Government opposes the Petition.  *See generally* Doc. 8.

## II.    *Legal Standard*

A petition for a writ of habeas corpus seeks "release from unlawful physical confinement."  *Preiser v. Rodriguez*, 411 U.S. 475, 485 (1973).  Habeas corpus review is available if a noncitizen is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The INA establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States.  *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018); *see also Santillan Quiroz*, 2026 WL 1876709, at *7.  First, 8 U.S.C. § 1225 governs noncitizens who are "seeking admission into the country."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020).  "[A] noncitizen is 'seeking admission' when he takes some kind of ongoing action to request lawful entry into the United States."  *Santillan Quiroz*, 2026 WL 1876709, at *6.  "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border."  *Id.* at *7.  Absent exceptions

irrelevant here, § 1225 mandates detention and affords no bond hearing.  *Id.* (citing 8 U.S.C. §§ 1225(b)(1)(B)(ii), (b)(1)(B)(iii)(IV), (b)(2)(A)).

By contrast, 8 U.S.C. § 1226(a) sets forth "the default rule" for detaining noncitizens "already in the country."  *Jennings*, 583 U.S. at 303; *see also Santillan Quiroz*, 2026 WL 1876709, at *6–7 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a).") (citing exceptions not relevant here).  Section 1226(a) authorizes the arrest and detention of noncitizens "on a warrant issued by the Attorney General...pending a decision on whether [they are] to be removed."  Under federal regulations, a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing at the "outset of detention."  *Jennings*, 583 U.S. at 306.

## III.    Analysis

Section 1226(a) governs Petitioner's detention.  He resided in the United States for years before his arrest and was arrested in the interior—in El Paso, Texas.  Doc. 1 at 5.  While an immigration judge ordered him removed, his appeal of that decision remains pending—thus, the removal order is not administratively final.  *Id.*  He therefore falls within the class of noncitizens "subject to § 1226(a)" because he "entered the United States and [was] thereafter detained in the interior."  *Santillan Quiroz*, 2026 WL 1876709, at *6–7.

The Court next turns to the appropriate remedy.  The Tenth Circuit in *Santillan Quiroz* ordered the government to, "within seven days of such order, either provide [the petitioner] with a bond hearing or else release him."  2026 WL 1876709, at *17 n.13.  The Court adopts the same remedy here.

## IV.    Conclusion

For the reasons above, the Court orders that:

3

1. The Petition for Writ of Habeas Corpus, Doc. 1, is granted.

2. Within seven (7) business days of this Order, the Government shall provide Petitioner with a bond hearing or else release him.

3. Because the Court grants Petitioner full relief on statutory grounds, it does not reach his other claims, which are dismissed as moot.

4. The Government shall file a status report within ten (10) business days of this Order certifying compliance.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document.  Electronically filed documents can be found on the Court's PACER public access system.